UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:10-CV-1184 (CSH) |
| | : | |
| MARION COCKAYNE and | : | |
| MAREK POPIELARZ | : | |
|     Defendants. | : | |

**RULING ON MOTIONS FOR DEFAULT JUDGMENT**

On July 28, 2010, Plaintiff Allstate Insurance Company filed this action seeking a declaratory judgment that it has no duty to defend the Defendant, Marek Popielarz, and no duty to indemnify him or any party who may gain a judgment against him in the lawsuit captioned Marion Cockayne v. Marek Popielarz, which is currently pending in the Superior Court for the Judicial District of New Britain, and which bears the docket number HHB-CV10-6004590-S. That state court suit consists of three counts, for Slander/Defamation, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. Plaintiff alleges that a homeowner's insurance policy was in effect between it and Defendant Marek Popielarz which covered the property at 48 High Meadow Lane in Bristol, Connecticut, and which provided family liability protection with a limit of $300,000.00 per occurrence. Plaintiff alleges that it has no duty to defend or indemnify any party in Marion Cockayne v. Marek Popielarz because that lawsuit does not allege any "bodily injury" or "property damage," nor does it allege claims for injury or damage caused by an "occurrence," as defined in and required by the insurance policy between Plaintiff and Defendant Popielarz. Plaintiff further maintains that the actions at issue in Marion Cockayne v. Marek Popielarz are subject to an exclusion in the insurance policy for intentional acts.

Mr. Popielarz was served on August 11, 2010 [Doc. 5] and filed a *pro se* appearance on August 23, 2010. [Doc. 6] A responsive pleading was due by September 1, 2010; none has been filed to date, and no extension of time to do so was sought. On October 14, 2010, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55(a) for default against Defendant Popielarz for failure to plead or defend, and mailed a copy of the motion to Mr. Popielarz. [Doc. 16] On October 18, 2010, Rule 55(a) default was entered against Defendant Popielarz for failure to plead or defend. [Doc. 17]

On November 10, 2010, Plaintiff moved for default judgment against Defendant Popielarz pursuant to Federal Rule of Civil Procedure 55(b), and mailed a copy of the motion to Mr. Popielarz. [Doc. 19] Defendant Popielarz has not filed any opposition to the pending motion. Therefore, Plaintiff's Motion for Default Judgment against Defendant Marek Popielarz [Doc. 19] is granted absent objection.

The other Defendant, Marion Cockayne, waived service of the summons and complaint on August 6, 2010. [Doc. 4] Ms. Cockayne has never appeared, filed a responsive pleading, or otherwise defended this case. On October 4, 2010, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55(a) for default against Defendant Cockayne for failure to appear and defend, and mailed a copy of the motion to Ms. Cockayne. [Doc. 11] On October 6, 2010, Rule 55(a) default was entered against Defendant Cockayne for failure to appear and defend. [Doc. 14]

On November 5, 2010, Plaintiff moved for default judgment against Defendant Cockayne pursuant to Federal Rule of Civil Procedure 55(b), and mailed a copy of the motion to Ms. Cockayne. [Doc. 18] Defendant Cockayne has not appeared or filed any opposition to the pending motion. Therefore, Plaintiff's Motion for Default Judgment against Defendant Marion

Cockayne [Doc. 18] is granted absent objection.

Where, as here, defendants default after proper service, the default constitutes "an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004). Defendants having conceded liability by defaulting, the Court hereby enters a declaratory judgment that Plaintiff Allstate Insurance Company has no duty to defend the Defendant, Marek Popielarz, and no duty to indemnify him or any party who may gain a judgment against him in the lawsuit captioned Marion Cockayne v. Marek Popielarz, HHB-CV10-6004590-S. Plaintiff's Motions for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) [Docs. 18 & 19] are **granted**, and default judgment is hereby ordered against Defendants Marion Cockayne and Marek Popielarz. In light of the fact that Defendants have defaulted, the Motion for Summary Judgment [Doc. 20] filed by Plaintiff on November 30, 2010, to which neither Defendant has yet responded, is found to be moot. The Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, December 3, 2010.

                                                 */s/ Ellen Bree Burns*
                                                Ellen Bree Burns
                                                Senior United States District Judge